FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

97 JUN -2 PM 4: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| IN RE: | } | BANKRUPTCY NO. 91-80587 |
| | } | |
| CLYDE THOMAS CARTER, | } | CHAPTER 7 |
| | } | |
| Debtor, | } | |
| | } | |
| _____ | } | |
| | } | |
| FRANCES CARTER, | } | |
| | } | CASE NOS. CV 95-B-2602-NE |
| Appellant, | } | CV 95-B-1541-NE |
| v. | } | |
| | } | |
| HARRY LEE CARTER ESTATE MANAGEMENT TRUST, et al., | } | ENTERED |
| | } | |
| Appellees. | } | JUN 03 1997 |

## MEMORANDUM OPINION

This matter is before the court on two appeals from the United States Bankruptcy Court for the Northern District of Alabama. In the first appeal, No. CV 95-B-1541-NE, the appellant Frances Carter ("Carter" or "appellant") appeals the decision of U.S. Bankruptcy Judge Jack Caddell ("Judge Caddell" or the "Bankruptcy Judge") denying her motion for summary judgment. In the second appeal, No. CV 95-B-2602-NE, appellant appeals the decision of Judge Caddell granting the motion for summary judgment of the Harry Lee Carter Estate Management Trust ("appellees" or the "Trust"). Because appellant agrees that the record and issues in these two appeals are identical, and because both sides, for the most part, submitted identical briefs in these appeals, the court considers these appeals together.

In June of 1989, Clyde Thomas Carter filed an application in the Probate Court of Bexar County, Texas to dissolve the Harry Lee Carter Estate Management Trust, claiming that the

Trust, of which he served as a co-trustee, should be terminated because it had fulfilled its purposes. (Disclosure Statement Accompanying Debtor's Plan of Reorganization at 3). On October 2, 1990, a number of the Trust beneficiaries filed a counterclaim against Clyde Thomas Carter, alleging that he breached his fiduciary duties to the Trust. (*Id.*) After a lengthy jury trial, the jury found, inter alia, that Clyde Thomas Carter had breached his fiduciary duties, and as a result, the jury awarded the Trust a verdict in excess of $8 million dollars.[1] (Brief of Appellant in Opp'n to the Decisions of the Bankruptcy Judge at 6). Shortly thereafter, Clyde Thomas Carter filed a voluntary petition for relief under Chapter 11, which at the request of the Trust, was later converted to a Chapter 7 proceeding. (April 27, 1994 Transcript of Hearing on the Motion for Summary Judgment of Frances Carter at 99 & 101-02).

Although they are no longer married, Frances Carter and Clyde Thomas Carter were husband and wife throughout the Texas litigation. (Answer of Appellee in Opp'n to Leave to Appeal at 3). On February 21, 1995, Frances Carter filed an objection to the proof of claim filed by the Trust. (*Id.*) On March 13, 1995, Frances Carter filed a motion for summary judgment. (*Id.*) After holding a hearing on the motion for summary judgment of Frances Carter, the Bankruptcy Court, on April 28, 1995, denied her motion for summary judgment. (*Id.*) On May 1, 1995, the Trust filed a motion for summary judgment, which the court granted on June 26, 1995. (*See* docket sheet Entry Nos. 29, 41 in the case of *Clyde Thomas Carter*, No. Bk 91-80587, AP 95-80026).

---

[1] This judgment was affirmed by the Court of Civil Appeals of the State of Texas and both the Supreme Court of Texas and the United States Supreme Court denied the debtor's application for writ of certiorari. (Answer of Appellee in Opp'n to Leave to Appeal at 2-3).

Presently before the court are two appeals filed by Frances Carter, and as stated, the issues in both are identical. At the hearing on Frances Carter's motion for summary judgment her attorney raised the following issues in support of her motion: (1) the Texas judgment in favor of the Trust is void because the Trust is not an entity and a judgment granted to a nonentity is void; 2) the Trust as an entity was never a party to the case; and 3) the proof of claim filed by the Trust is void because it was not authorized by a majority of the trustees. (April 27, 1994 Transcript of Hearing on the Motion for Summary Judgment of Frances Carter at 19-22). After hearing lengthy argument from all parties on these three issues, Judge Caddell denied Frances Carter's motion, dictating into the record his reasoning on each of the issues. (*See* April 27, 1994 Transcript of Hearing on the Motion for Summary Judgment of Frances Carter at 96-115). Upon consideration of the record, the relevant law, and the reasoning of the Bankruptcy Judge, the court is of the opinion that Judge Caddell made the correct decision in denying Frances Carter's motion for summary judgment and granting the motion for summary judgment of the Trust.

## CONCLUSION

Thus, for the reasons stated by Judge Caddell at the hearing on the motion for summary judgment of Frances Carter, the court holds that the decisions of the Bankruptcy Judge are due to be affirmed. An Order affirming the decisions of Judge Caddell shall be entered contemporaneously herewith.

DONE this 2nd day of June, 1997.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
United States District Judge